IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KATHLEEN L. THOMPSON,

          Plaintiff,

vs.                                    Case No. 18-4046-SAC-KGS

ROBERT L. WILKIE as SECRETARY
OF THE UNITED STATES DEPARTMENT
OF VERTANS AFFAIRS,

          Defendant.


**MEMORANDUM AND ORDER**

In this action plaintiff alleges age discrimination when she was denied a promotion. Defendant has filed a motion for summary judgment. Doc. No. 6. Upon review, the motion shall be granted because there is no genuine issue of fact that plaintiff failed to timely exhaust her administrative remedies and plaintiff cannot demonstrate a genuine issue of fact sufficient to claim that the time limit for administrative exhaustion should be equitably tolled.

I. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

1

summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). At the summary judgment stage, the court's job "is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . . If [however] the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Id. at 249-50. An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). The court may not make credibility determinations when examining the evidentiary record. Fogarty v. Gallegos, 523 F.3d 1147, 1165-66 (10th Cir. 2008). All disputed facts are resolved in favor of the party opposing summary judgment. McCoy v. Meyers, 887 F.3d 1034, 1044 (10th Cir. 2018).

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant may do so "by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." Adler, 144 F.3d at 671. Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to those dispositive matters for which the nonmoving party carries the burden of proof. See McCoy, 887 F.3d at 1044. The non-movant may not rely upon unsubstantiated allegations or

2

facts unsupported by competent evidence. Id.; Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir. 1996).

II. FACTS

The following facts are considered uncontroverted for the purposes of this order or are viewed in the light most favorable to plaintiff.

Plaintiff applied for a registered nursing position at the Hays Community Based Outpatient Clinic (HCBOC) in Hays, Kansas. The position was posted on or about July 27, 2017. The HCBOC is affiliated with the Robert J. Dole VA Medical Center in Wichita, Kansas ("Wichita VA"). Plaintiff interviewed for the position but learned on September 12, 2017 that she was not selected. Although plaintiff thought she was unlawfully denied the position because of her age, she did not consult with an EEO counselor until December 21, 2017, more than 45 days after learning that she was not selected. Plaintiff has explained this delay in an affidavit which states:

> Norman J. Forbes indicated to me that Ricky A. Ament had approved another RN position in the HCBOC after the RN position posted on July 24, 2017 was filled and that I would most likely receive this position if I applied. I interpreted this statement that I would be given the latter position to make up for the fact I was denied the original position.

Doc. No. 8, p. 12.

In early December 2017, plaintiff was informed that the RN position that was going to be opened was no longer available to

3

her.  During the administrative investigation of this matter, plaintiff's attorney explained the delay in bringing her administrative complaint as follows:

> [Plaintiff] was led to believe by Norm Forbes that a new position had been approved and led to believe she would receive that appointment.  In addition, she understood that her former supervisor had been demoted, which further supported her belief that the situation was going to be remedied without the need for a complaint.  When she learned that the position had not been approved she immediately filed her complaint with the VA EEO.

The Department of Veterans Affairs' Office of Resolution Management dismissed plaintiff's administrative complaint as untimely because 29 C.F.R. § 1614.105 provides that an aggrieved person must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory.  It further determined that plaintiff's explanation for the delay was insufficient to toll the time limit for contacting the EEO counselor.

Norman Forbes was the Associate Director for Patient Care Services/Nurse Executive overseeing all employed nursing personnel working at Wichita VA.  He recalls that Ricky A. Ament, the Director of Wichita VA, had discussed another RN position at HCBOC.  He does not recall that plaintiff applied for the RN position posted on July 24, 2017 and he had no role in denying plaintiff that position.  He has stated in an affidavit that did not know

4

that plaintiff thought her non-selection was discriminatory until her federal court complaint was filed in June 2018.

III. 29 C.F.R. § 1614.105(a) AND EQUITABLE TOLLING

A federal employee who believes he or she has been discriminated against on the basis of age or other protected categories must consult a counselor prior to filing a complaint in order to try to informally resolve the matter. 29 C.F.R. § 1614.105(a). This contact must be initiated within 45 days of the alleged discriminatory action. Id.; see also Regennitter v. Potter, 78 Fed. Appx. 659, 660 (10th Cir. 2003). If the attempts to resolve the employee's dispute through counseling fail, the employee may file a formal administrative complaint with the EEO. Regennitter, supra. Alternatively, the employee "may bring the action directly to a federal district court in the first instance, so long as the employee gives the [EEO] notice of intent to sue within 180 days of the alleged discriminatory act and then waits thirty days before filing the action." Jones v. Runyon, 32 F.3d 1454, 1455 (10th Cir. 1994).

The belated contacting of an EEO counselor outside the 45-day period set out in 29 C.F.R. § 1614.105 is a violation of an administrative exhaustion requirement which is subject to equitable tolling. Sizova v. Nat. Inst. of Standards & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002). Plaintiff bears the burden of proving that the deadline for administrative exhaustion should be

equitably tolled. Johnson v. Glickman, 155 F.Supp.2d 1240, 1246 (D. Kan. 2001).

The Tenth Circuit has generally recognized equitable tolling of such time limitations only when there has been a showing of active deception. Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1267 (10th Cir. 1996)(quoting the district court opinion as a proper statement of the law). Equitable tolling may be appropriate where a plaintiff has been lulled into inaction by her employer's deliberate design or by actions that the employer should unmistakably have understood would cause the employee to delay filing a charge. Al-Ali v. Salt Lake Comm. College, 269 Fed.Appx. 842, 847 (10th Cir. 2008)(citing Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994)); Smith v. Johnson Cty. Bd. of Cty. Comm'rs, 56 Fed. Appx. 879, 883 (10th Cir. 2003).

The test for tolling has also been more narrowly framed at times, limiting tolling "to situations where an employer's actions relate to the actual deadline and assertion of rights." Quintana v. Conner, 2009 WL 198076 *4 (D.Colo. 1/28/2009)(citing Montoya v. Chao, 296 F.3d 952, 957 (10th Cir. 2002); Scheerer v. Rose State College, 950 F.2d 661, 665 (10th Cir. 1991)("'[I]n this circuit, a Title VII time limit will be tolled only if there has been "active deception"' of the claimant regarding procedural prerequisites.")(emphasis in original)(quoting Johnson v. United States Postal Serv., 861 F.2d 1475, 1481 (10th Cir.1988)); and

6

Richardson v. Frank, 975 F.2d 1433, 1436 (10th Cir. 1991)(determining that summary judgment was not appropriate when there were genuine issues of material fact as to whether the EEO office misled the plaintiff into thinking that there was not a time limit for contacting the EEO Counselor)); see also Jarrett v. US Sprint Communications Co., 22 F.3d 256, 260 (10th Cir. 1994)("a Title VII time limit will be tolled only if there has been active deception of the claimant regarding procedural requirements").

Speaking more generally, the Tenth Circuit has stated that the range of circumstances justifying equitable tolling is narrowly limited and that the doctrine is sparingly applied. Chance v. Zinke, 898 F.3d 1025, 1034 (10th Cir. 2018); Harms v. I.R.S., 321 F.3d 1001, 1006 (10th Cir. 2003); Montoya, 296 F.3d at 957; Biester, 77 F.3d at 1267.

Courts from other circuits have reached contrasting results in cases involving some type of representation regarding future employment. Compare, e.g., Price v. Litton Bus. Sys. Inc., 694 F.2d 963 (4th Cir. 1982)(employee's hope for rehire or promotion cannot toll the limitations statute absent employer conduct likely to mislead an employee into sleeping on his rights); Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir. 1981)(en banc)(misrepresentation of intent to reinstate plaintiff and reasonable reliance thereon creates fact issue as to tolling); Ott v. Midland-Ross Corp., 600 F.2d 24, 29-30 (6th Cir. 1979)(offer

7

of employment as consultant justifies estoppel); Unterreiner v. Volkswagen of America, Inc., 8 F.3d 1206, 1212-13 (7th Cir. 1993)(trying to find the plaintiff a job does not raise an inference of lulling the plaintiff into not filing suit); Kriegesmann v. Barry-Wehmiller Co., 739 F.2d 357, 358-59 (8th Cir. 1984)(offer to help find other employment not likely to cause a plaintiff to sleep on his rights); Cocke v. Merrill Lynch & Co., 817 F.2d 1559, 1561-62 (11th Cir. 1987)(an employee should not be expected to sue his employer at the same time he is led to believe the employer is trying to place him in another job).

IV. PLAINTIFF FAILED TO TIMELY EXHAUST HER CLAIM.

Plaintiff alleges that she deferred contacting an EEO counselor because Norman Forbes, an executive with authority over the nursing service at the Wichita VA, "indicated" to her that the head of the Wichita VA had approved another RN position for HCBOC and that plaintiff "would most likely receive this position if I applied."

This is not evidence of active deception by Norman Forbes or another VA representative to cause plaintiff to delay contacting an EEO counselor. No facts have been presented that Forbes' alleged statement to plaintiff was false when it was made or was intentionally misleading.[1] Nor is there evidence that Forbes'

---

[1] Plaintiff notes that discovery has not started and that "it is difficult for [plaintiff] to address the VA's specific intent in making the referenced statements absent discovery." Doc. No. 8, p. 8. But, plaintiff has not

8

alleged statement would have been unmistakably understood by a reasonable person to cause plaintiff to delay contacting an EEO counselor. Nothing has been presented to suggest that Forbes made the statement in response to knowledge that plaintiff was considering filing a charge or contacting an EEO counselor. Nor was plaintiff guaranteed another RN position. Plaintiff has merely stated that Forbes indicated to her that another RN position would be posted and also indicated that she would most likely receive the position. Plaintiff interpreted Forbes' alleged statements to mean that she would receive a later position to make up for being denied the first position. Plaintiff's statement, however, provides no context for Forbes' alleged remarks, only plaintiff's subjective opinion or interpretation to support a claim that a reasonable person would unmistakably understand that the statement would cause plaintiff to delay contacting an EEO counselor. Such a subjective interpretation is insufficient to make plaintiff's argument against summary judgment. See Mann v. Turner Bros., Inc., 560 Fed.Appx. 743, 747 (10th Cir. 2014)(discounting subjective opinion that a doctor was intoxicated during an examination); Rojas

---

submitted an affidavit or declaration, as required by Fed.R.Civ.P. 56(d), showing for specified reasons that plaintiff cannot present facts essential to oppose the motion for summary judgment and thereby justifying deferring or denying the motion. Therefore, it is proper for the court to proceed to decide the motion on the merits. See Cerveny v. Aventis, Inc., 855 F.3d 1091, 1110 (10th Cir. 2017); Viking Ins. Co. v. Baize, 2018 WL 4154774 *7 (10th Cir. 8/29/2018). The Tenth Circuit took the same position in Dreiling v. Peugeot Motors of Am., Inc., 850 F.2d 1373, 1381 (10th Cir. 1988) which is a case plaintiff has cited (Doc. No. 8, p. 4) for the proposition that summary judgment is disfavored prior to discovery.

v. Anderson, 727 F.3d 1000, 1003 n.4 (10th Cir. 2013)(police officer-defendant's subjective interpretation of plaintiff's actions is irrelevant to an objective reasonableness test used to determine legal issue); Tran v. Sonic Industries Services, Inc., 490 Fed.Appx. 115, 120-21 (10th Cir. 2012)(plaintiff must do more than provide subjective interpretation of the evidence in employment discrimination case). Also, plaintiff's evidence does not create a genuine issue of fact as to any active deception regarding procedural prerequisites for bringing a discrimination claim, if the more limited tolling standard is applied to this situation.

This case is like Brough v. O.C. Tanner Company, 2017 WL 1102622 *3 (D.Utah 3/23/2017) where the court granted a motion to dismiss on timeliness grounds because plaintiff's tolling argument was based on a claim that she "justifiably believed" an amicable agreement would be reached settling the dispute, but plaintiff did not identify specific statements or actions that would substantiate that claim.[2] Here, plaintiff interpreted Forbes' statements as meaning that she would be given a later promotion to make up for the fact that she was denied the earlier promotion,

---

[2] Plaintiff in Brough was permitted to amend her complaint and the amended complaint survived a later motion to dismiss. Brough v. O.C. Tanner Company, 2017 WL 3172996 (D.Utah 7/25/2017). The amended complaint alleged that two attorneys for the defendant "specifically represented that they each believed that a negotiated settlement was forthcoming and accepted [plaintiff's attorney's] request not to prejudice his client should she delay her filing the matter with the EEOC." Id. at *3

10

but she does not provide evidence supporting her subjective interpretation.  Nor does plaintiff provide grounds to defer ruling upon defendant's motion pending discovery pursuant to Rule 56(d).

The court acknowledges that plaintiff did not wait very long after learning that another RN position would not be offered to contact an EEO counselor.  The court also finds that defendant has not been persuasive in claiming prejudice from plaintiff's failure to meet the 45-day requirement.  But, these factors do not compensate for plaintiff's failure to demonstrate a genuine issue of fact as to whether plaintiff was lulled into inaction either by her employer's deliberate design or actions that the employer should unmistakably have understood would cause plaintiff to delay contacting an EEO counselor.

V. CONCLUSION

For the above-stated reasons, the court shall grant defendant's motion for summary judgment.  Doc. No. 6.

**IT IS SO ORDERED.**

Dated this 24th day of October 2018, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge